Geno Menna
vs. } W.C.A.No.710
Herbert E. Mathewson

RESCRIPT

March 24, 1927

TANNER, P. J. This is an action under the statute to recover compensation for a personal injury to a workman. The case is heard upon motion to dismiss the petition.

The petition was not brought within the two years limited by the statute for the bringing of such a petition. The petitioner alleges, as an excuse therefore, that he was told at the office of the Commissioner of Labor that his employer had not accepted the Workmen's Compensation Act; that he thereupon brought a common law action and at the trial thereof, more than two years after the accident, it was shown that the employer had accepted the Workmen's Compensation Act; that he thereupon commenced this action after having been non-suited in the action at law.

We think it is clear, upon the cases cited by the respondent, that the action in this case is a statutory one, and that it is a condition precedent that it should have brought within the two years limited by the statute and that none of the excuses which are applicable to actions at law to prevent the running of the statute of limitations are applicable.

"Ordinary statutes of limitation are merely limitations of the remedy. Statutes like the present are more. They create a right of action conditioned upon its enforcement within the prescribed period. The legislature having the power to create the right, may affix the conditions under which it is to be enforced, and a compliance with the conditions is essential. The time within which the suit must be brought operates as a limitation of the liability itself, as created, and not the remedy alone. It is a consideration attached to the

right to sue at all. A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits."

Bement vs. Grand Rapids Elec. Railways Co., L. R. A 1917 E, 522; 160 N W. 424.

The petitioner also urges that he is entitled to maintain the action under the provisions of Sec 9 of Paragraph 4884 of the General Laws of Rhode Island, 1923.

"If any action which has been or shall be duly commenced within the time limited and allowed therefor shall be abated or otherwise avoided or defeated by the death of any party thereto, or for any matter, or if after verdict for plaintiff the judgment shall be arrested, the plaintiff may commence a new action for the same cause at any time within one year after the abatement or other determination of the original suit as aforesaid, and if the cause of action does by law survive, his executor or administrator may, in case of his death, commence said new action within the said one year."

While this language is general yet it seems to us that it is intended to apply to the limitations of the common law actions which have been enumerated in the chapter. It applies specifically only to cause of action which by law survive death. By parity of reason it may be said that it can only apply to an action which can survive the time limited for commencing said action. Upon the precedents already cited to the effect that the present petition is subject to the condition precedent that it must be brought within two years, the action does not survive the two years and can not be affected by Section 9,

which could be held only to apply to causes of action which can survive to the commencement of the second action. The last sentence in Section 10 of this same chapter also says that the provisions of this chapter shall not apply to any case in which a different time is limited by special provision. Two years is the time limited by special provision of the Workmen's Compensation Act.

While this construction is subject to doubt, we think it better that there should be a final determination of the point before the parties are sent to trial on the merits, and we therefore grant the motion to dismiss.

For Petitioner: Joseph H. Coen and John F. Conaty.

For Respondent: George F. Troy.